8UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

CHRYSTAL GOMEZ
on behalf of herself and
all other similarly situated consumers

       Plaintiff,

  -against-

SECURITY CREDIT SYSTEMS, INC.

       Defendant.

------------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of Security Credit Systems, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Buffalo, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *Allegations Particular to Ari Weber*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about March 23, 2022, probably within a few days prior to that date, but not more, one of the Defendant's collection representatives contacted the Plaintiff via telephone.

11. Prior to that date and not within five days subsequent to that date, nor at any time thereafter, did Plaintiff receive an initial collection letter from the Defendant setting forth her rights to dispute the debt and seek verification thereof.

12. Said failure to advise the Plaintiff of her rights pursuant to 1692g caused the Plaintiff to incur concrete damage where she was unable to overcome the presumption of validity of the debt and seek verification documents.

13. During the said telephone call in March, 2022, initially the Plaintiff understood that the collector was calling from Westchester Community College concerning a job.

14. The collector did not know she was speaking with the Plaintiff.

15. The collector requested that the Plaintiff verify her information.

16. The Plaintiff kept asking the collector what was the matter concerning.

17. The collector refused to answer the Plaintiff's requests and became combative, so the Plaintiff proceeded to terminate the telephone call.

18. The collector proceeded to call back the Plaintiff screaming at the Plaintiff.

19. The collector told the Plaintiff that she needs to behave like an adult, and that she is being recorded.

20. During th entire two conversations, the collector did not disclose that she was calling from a collection agency.

21. The Plaintiff discovered the source of the telephone calls by using google.

22. The collector harassed the Plaintiff.

23. The Plaintiff felt was concerned that she sought out an attorney for assistance.

24. The collector attempted to deceive the Plaintiff by disguising the source of the call.

25. Upon information and belief, the Plaintiff was not the only consumer who was harassed by the said collector.

26. The defendant's actions are in violation of 15 USC 1692d, 1692e and 1692e(10).

27. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

28. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

29. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

30. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

31. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

32. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

33. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

34. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

35. As an actual and proximate result of the acts and omissions of Credit Control Services, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

**AS AND FOR A CAUSE OF ACTION**

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

36. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty-five (35) as if set forth fully in this cause of action.

37. This cause of action is brought on behalf of Plaintiff and the members of a class.

38. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who received a collection telephone call without having received a n initial letter containing the dispute language.

39. A sub-class exists for all consumer who were contacted in a deceptive fashion by the same collector who contacted the Plaintiff.

40. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that the lack of receipt of a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issues is the identification of the consumers who werwe supposed to receive such collection letters (*i.e.,* the class members), a matter capable of ministerial determination from the records of Defendant. The other issue is to determine who were the consumers contacted by the collector at issue.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

41. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

42. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

43. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

44. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

45. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

46. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
April 28, 2022

　　　　/s/ Adam J. Fishbein　　　　
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

　　　　/s/ Adam J. Fishbein　　
Adam J. Fishbein (AF-9508)